IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS, | 1:10-cv-01084-JLT HC |
|     Petitioner, | ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |
| vs. | |
| MCCAFFE, | |
|     Respondent. | |
| _____/ | |

    Petitioner, a state prisoner proceeding pro se and presently confined in the California State Prison, Los Angeles County, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254. (Doc. 1). In the petition, Petitioner challenges the conditions of his confinement, alleging that prison personnel unlawfully seized and retained legal materials Petitioner kept in his cell as well as his personal television. (Id.). On July 13, 2010, the Court authorized Petitioner to proceed in forma pauperis. (Doc. 3).

    The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

1       In a habeas matter, venue is proper in either the district of conviction or the district of confinement.  28 U.S.C. § 2241(d).  Where a petitioner attacks the execution of his sentence, the proper forum in which to review such a claim is the district of confinement.  See Dunn v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined.").

   In this case, Petitioner does not challenge his conviction in the Kings County Superior Court.  Rather, he challenges the allegedly unlawful seizure by prison staff of his personal property, including law books and a television.   The events alleged in the petition occurred at Petitioner's present place of incarceration, i.e., the California State Prison, Los Angeles County ("CSP-LAC"), Lancaster, California.  All of the individuals alleged in the petition to have unlawfully seized Petitioner's property are employed at CSP-LAC.  Lancaster, California is located within the jurisdiction of the United States District Court for the Central District of California.  Therefore, the petition should have been filed in the United States District Court for the Central District of California.  In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a);  Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

   Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:   **July 22, 2010**                         /s/ Jennifer L. Thurston
                                               UNITED STATES MAGISTRATE JUDGE

-2-